UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL J. BERNSTEIN, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, et al., <br><br> Defendants. | Civil Action No. 23-2938 (CKK) |

## <u>ANSWER</u>

Defendants National Institute of Standards and Technology ("Institute") and Department of Commerce ("Department") (collectively "Defendants"), by and through undersigned counsel, respond as follows to the separately numbered paragraphs and prayer for relief in Plaintiff Daniel Bernstein's Complaint, ECF No. 1, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff, (b) relevant to this, or any other, action, or (c) admissible in this, or any other, action. For ease of reference, this Answer replicates the headings contained in the Complaint. Although Defendants believe such headings require no response, to the extent a response is deemed required and those headings and titles could be construed to contain factual allegations, those allegations are denied.

1.      This paragraph consists of Plaintiff's characterization of this action, which requires no response.

## PARTIES

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.      Defendants admit that the Institute is a federal agency. Plaintiff's allegation that the Institute is subject to FOIA is a legal conclusion, which requires no response.

4.      Defendants admit that the Department is a federal department and that the Institute is a component of the Department. Plaintiff's allegation that the Department is subject to FOIA is a legal conclusion, which requires no response.

## JURISDICTION AND VENUE

5.      This paragraph consists of legal conclusions, which require no response.

6.      This paragraph consists of legal conclusions, which require no response.

## BACKGROUND

7.      The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

8.      The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at

issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

9.      The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

10.      The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

11.      The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

12.      The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

13.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

14.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

15.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

16.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

17.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at

issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

18.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

19.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

20.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus, this Court should strike them as immaterial under Rule 12(f). To the extent that Plaintiff offers this allegation to demonstrate public interest in the records at issue, Defendants lack knowledge or information sufficient to form a belief as to the extent of any such interest, including as against any other, countervailing interests.

### JANUARY 24, 2023, FOIA REQUEST

21.     This paragraph purports to characterize Plaintiff's FOIA request, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the FOIA request.

22.     This paragraph purports to characterize Plaintiff's FOIA request and correspondence between the Institute and Plaintiff, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for complete and accurate statements of their contents. Defendants deny any allegations inconsistent with these materials.

23.     This paragraph purports to characterize a communication from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the communication.

24.     This paragraph purports to characterize a communication from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the communication.

25.     This paragraph purports to characterize a communication from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the communication.

26.     This paragraph purports to characterize a communication from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the communication.

27.     This paragraph purports to characterize a communication from Plaintiff to the Institute, which is the best evidence of its contents, and to which Defendants respectfully refer the

Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the communication.

28.     This paragraph purports to characterize a communication from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the communication.

29.     This paragraph purports to characterize a communication from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the communication.

30.     This paragraph purports to characterize a communication from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the communication.

31.     This paragraph purports to characterize a communication from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the communication.

32.     This paragraph consists of legal conclusions, which require no response. To the extent a response is required, Defendants admit only that as of the date of filing of the complaint, a final determination had not yet been issued.

## COUNT I – DEFENDANTS' FOIA VIOLATION
## JANUARY 24, 2023, FOIA REQUEST

33.     Defendants reallege and incorporate their responses to Paragraphs 1 through 32 as if set forth fully herein.

34.     This paragraph consists of legal conclusions, which require no response.

35.     Defendants admit that the Institute is a component of the Department. Plaintiff's allegation that the Institute is subject to FOIA is a legal conclusion, which requires no response.

36.     This paragraph purports to characterize Plaintiff's FOIA request, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the FOIA request.

37.     This paragraph consists of legal conclusions, which require no response.

38.     This paragraph consists of legal conclusions, which require no response.

39.     This paragraph consists of legal conclusions, which require no response.

The remaining paragraph and sub-paragraphs consist of Plaintiff's prayer for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

\*     \*     \*

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

### First Defense

Plaintiff's request does not reasonably describe the records sought.

<u>Second Defense</u>

Defendants conducted an adequate search for records responsive to the FOIA request.

<u>Third Defense</u>

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable exemptions the release of which record foreseeably would harm an interest that the exemption protects, or which are protected from disclosure by one or more applicable exclusions.

<u>Fourth Defense</u>

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

<u>Fifth Defense</u>

The Court lacks subject matter jurisdiction over this action to the extent that any requested relief exceeds the relief authorized by the FOIA.

<u>Sixth Defense</u>

Plaintiff is neither eligible for nor entitled to a fee waiver.

<u>Seventh Defense</u>

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

<u>Eighth Defense</u>

This matter should be consolidated with *Bernstein v. National Institute of Standards and Technology*, Civ. A. No. 22-2319 (DLF) (D.D.C.), a case involving another FOIA request by Plaintiff that seeks identical records but for an earlier date range. Alternatively, this case should be designated as related to the prior case, and stayed pursuant to *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), until the request for the earlier date range is completed.

<u>Ninth Defense</u>

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: November 6, 2023

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481051
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  /s/_____
BRADLEY SILVERMAN
D.C. Bar #1531664
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

*Attorneys for the United States of America*